Carl D. Crowell, OSB No. 982049
email:  crowell@kite.com
Jonathan van Heel, OSB No. 095349
email: jvh@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DOE, a/k/a IP 67.168.196.52<br><br>　　　　Defendant. | Case No.:  3:13-cv-00839-AA<br><br>MEMORANDUM OF LAW |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff hereby moves this Court *ex parte* for an Order permitting plaintiff to take limited expedited discovery prior to the Rule 26 conference to ascertain the defendant identified in paragraph 14 of the complaint.

**I.    INTRODUCTION**

Plaintiff Voltage Pictures, LLC, is in the business of producing marketing and distributing motion pictures which have won numerous awards including at least six (6) Academy Awards (Oscars) and numerous other recognitions.  Defendant is a BitTorrent user whose computer is interconnected with other BitTorrent users and whose computer is used for illegally copying and distributing plaintiff's motion picture from and to other BitTorrent users'

computers. Plaintiff is suing the Doe defendant for using the internet, specifically the BitTorrent file distribution network to commit copyright infringement.

As defendant used the internet to commit infringement, plaintiff only knows defendant by its Internet Protocol ("IP") address. Defendant's IP address was assigned to defendant by its Internet Service Provider ("ISP") Comcast. ISPs use the IP address to specifically identify each person using the internet through the ISP to transmit and receive data. Publicly available data allows plaintiff to identify the specific ISP defendant used. As the ISPs control defendant's access to the internet, only Comcast has the record which ties defendant's IP address identified as infringing plaintiff's copyright to an identified individual. Without this information, plaintiff cannot serve defendant nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave of the court to serve a Rule 45 subpoena on Comcast. The subpoena will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of defendant identified by the IP address in paragraph 14 of the complaint. Plaintiff will only use this information to prosecute the claims made in its complaint.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. See, e.g., *Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants.  See, e.g., *Matot v. Does 1-5*, 6:13-cv-00153-TC (D. Or. Feb. 12, 2013) (leave granted to subpoena any email service or internet service providers for such further information as may be needed to specifically identify the Doe defendants); *Murphy v. Goord*, 445 F.Supp.2d 261, 266 (W.D. New York 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Cottrell v. Unknown Correctional Officers, 1-10*, 230 F .3rd 1366 (9th Cir. 2000);  *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Equidyne Corp. v. Does 1-21*, 279 F.Supp.2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendants; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, plaintiff can identify the Doe defendant with sufficient specificity: the missing defendant is the account holder of the specific IP address that plaintiff has identified in paragraph 14 of the complaint.  Second, though plaintiff has been able to identify much about the

defendant, namely who it uses as its ISP, where it is generally located and what software it used to commit acts of infringement, plaintiff has no means to readily identify the Doe defendant as a named individual.  The ISPs have procedures for revealing such information, but they require a subpoena as a matter of course.  Third, plaintiff states a claim for copyright infringement.  Specifically, plaintiff has alleged sufficient facts to support a plausible right to relief well above any general level of mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Good cause clearly exists in this case because the ISP used to commit the acts of copyright infringement is the only source which can supply the information necessary to identify the defendant.  A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner.  See *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference).

If plaintiff is denied the ability to subpoena Comcast, the identity of the infringer will remain hidden and defendant will be able to continue to freely infringe plaintiff's copyrights and commit other acts of theft with impunity.

As such it is clearly in the interest of preserving justice and order that this Court should grant Plaintiff's motion.  See *Semitool, Inc.*, 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

///

///

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the court grant the *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26 Conference and enter an Order allowing plaintiff to subpoena records from Comcast for the identity of the account holder assigned to the IP address identified as an infringing party in the complaint.

                                                                        Of attorneys for the plaintiff

DATED: June 25, 2013            /s/ Jonathan T. van Heel
                                                           Jonathan T. van Heel, OSB No. 095349
                                                           email: jvh@kite.com
                                                           Crowell Law
                                                           P.O. Box 923
                                                           Salem, OR 97308
                                                           (503) 581-1240