David H. Madden
Mersenne Law LLC
1500 S.W. First Avenue
Suite 1170
Portland, Oregon 97201
(503)679-1671
dhm@mersenne.com
Attorney for Defendant Hunter HARWOOD

<u>UNITED STATES DISTRICT COURT</u>

<u>DISTRICT OF OREGON</u>

<u>PORTLAND DIVISION</u>

| | |
|---|---|
| **VOLTAGE PICTURES, LLC**, Plaintiff, | Civil Action No.: ............ 3:13-CV-00839-AA |
| v. | **ANSWER AND COUNTERCLAIMS** |
| **Hunter HARWOOD**, Defendant | |

**F**OR his Answer and defense of the complaint of copyright infringement filed by VOLTAGE PICTURES LLC, defendant Hunter HARWOOD admits, denies and alleges as set forth below. To the extent not specifically admitted or denied, HARWOOD generally denies each and every allegation in the complaint.

 1. HARWOOD admits that the present action arises under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq.*

 2. HARWOOD admits that this Court has subject matter jurisdiction over this

dispute.

3.     HARWOOD admits that venue in this district is proper.

4.     HARWOOD lacks information to confirm or deny plaintiff's allegations regarding its form, location of principal offices, and business activities.  Upon information and belief, VOLTAGE PICTURES did not produce *Maximum Conviction*, the motion picture at issue here, and does not market or distribute the film.

5.     HARWOOD is aware of a copyright registration no. PAu3-647-070, 2012 for a work entitled *Maximum Conviction*, authored by Maxcon Productions Inc.  He lacks information to admit or deny whether the work that is the subject of said registration is the same as the work at issue in this case.

6.     HARWOOD lacks information to admit or deny the content of the motion picture and/or its suitability for protection under the Copyright Act.

7.     HARWOOD lacks information to admit or deny the commercial availability of the motion picture.

8.     HARWOOD denies that VOLTAGE PICTURES possesses (via assignment or otherwise, recorded or not) any rights in the subject motion picture.

9.     HARWOOD denies that VOLTAGE PICTURES is the proprietor of any right, title or interest under the Copyright Act with respect to the motion picture.

10.    HARWOOD denies that VOLTAGE PICTURES possesses any exclusive right to reproduce or distribute the motion picture.

11.    HARWOOD lacks information to admit or deny VOLTAGE PICTURES's allegations regarding the nature of the motion picture, the professionalism of its creators or the quality of its production equipment.

12. HARWOOD denies that he had notice of plaintiff's claimed rights. He was unaware of the movie and had not seen it, its packaging, advertising, or any copyright notice associated with it.

13. HARWOOD lacks information to admit or deny the actions and statements of Internet Service Provider ("ISP") Comcast.

14. HARWOOD lacks information to admit or deny ISP Comcast's general practice on assignment of Internet Protocol ("IP") addresses.

15. HARWOOD denies engaging in any infringing activity via peer-to-peer networks.

16. HARWOOD lacks information regarding the preparation and meaning of plaintiff's Exhibit 1. He denies that any portion of said Exhibit evidences, indicates or even suggests that he committed copyright infringement of *Maximum Conviction* or any other work.

17. HARWOOD lacks information to admit or deny the content of Senator Levin's (D, MI) testimony in congressional hearings on peer-to-peer internet piracy.

18. HARWOOD admit that some peer-to-peer networks permit users to upload, search and transfer files from computer to computer.

19. HARWOOD admits that BitTorrent is the name of a peer-to-peer protocol and of various software programs capable of participating in the protocol.

20. HARWOOD admits that a user must obtain and use a program called a client to participate in a BitTorrent peer-to-peer network. He lacks information to admit or deny the terms under which such client programs may be obtained.

21. HARWOOD admits that it is possible for computer users to find

information about media for download via a BitTorrent network by using a standard web browser.

22.     HARWOOD lacks information to admit or deny the revenue structures of unspecified "torrent sites."  He denies using any such sites for any reason.

23.     HARWOOD lacks information to admit or deny the activities of an unspecified user or his interactions with an unspecified torrent site.  He denies visiting or interacting with such a site, or with other computer users contacted via such a site.

24.     HARWOOD lacks information to admit or deny the business structure, implications, profits or losses of torrent sites and networks.  He denies operating such a site, communicating with such sites, and using such sites to commit Internet piracy, copyright infringement, or any other illegal activity.

25.     HARWOOD denies paying money to facilitate or permit increased access to content which has been made available without authorization.

26.     HARWOOD lacks information to admit or deny the ways torrent sites work to expand the pool of available titles.  He denies working with, interacting with, using, or receiving rewards of any sort from such sites.

27.     HARWOOD lacks information to admit or deny Plaintiff's allegations regarding the so-called BitTorrent model.  He denies participating in the infringement of any protected work, and in particular of *Maximum Conviction*, by or through his activities.

28.     HARWOOD lacks information to admit or deny Plaintiff's allegations about personal gain and compensation received by a growing number of users.  He denies receiving personal gain or compensation for participating in the infringement of any

protected work, and in particular of *Maximum Conviction*, by or through his activities.

29.	HARWOOD lacks information to admit or deny the capability of BitTorrent users to attach advertising to the files they upload through various means. He denies attaching such advertising to any work owned by others, and in particular to *Maximum Conviction*, and denies receiving income or anything of value from doing so.

30.	HARWOOD lacks information to admit or deny the attachment of advertising for GLOWGAZE on plaintiff's motion picture. HARWOOD has no connection with, ownership interest in, or knowledge of GLOWGAZE and its alleged infringing activities.

31.	HARWOOD lacks information to admit or deny the other activities alleged to be associated with IP address 67.168.196.52. He has no connection with, ownership interest in, or knowledge of GLOWGAZE or the web site WWW.TORRENTDAY.COM.

32.	HARWOOD lacks information to admit or deny the activities of the TORRENTDAY.COM website. He is not a user, subscriber, contributor, employee, executive or owner of that website, and has no knowledge of or connection with its activities.

33.	HARWOOD denies all affiliation with TORRENTDAY.COM.

34.	HARWOOD admits that he is not personally and directly generating revenue or benefit from anyone else's infringing conduct. He denies facilitating the infringing conduct of others.

35.	HARWOOD denies giving or receiving profits, rewards or compensation to or from BitTorrent participants.

36.	HARWOOD denies any knowledge, control or involvement in any

copyright infringing activity via BitTorrent or other peer-to-peer network, whether via the IP address 67.168.196.52 or otherwise.

37. HARWOOD admits that many ISPs provide Internet access to their customers. He denies that one must contract with an ISP and create an account for service to connect to the Internet.

38. HARWOOD admits that an ISP generally assigns a unique IP address to a subscriber. The balance of paragraph 38 is denied as inaccurate, misleading or oversimplified.

39. HARWOOD lacks information to admit or deny whether he has been identified as the party responsible for IP address 67.168.196.52. He denies committing any personal action that constituted or contributed to the infringement of any of plaintiff's rights.

40. HARWOOD denies that plaintiff's investigative methods establish anything at all to any degree of certainty.

41. HARWOOD denies that plaintiff's investigator downloaded *Maximum Conviction* or any portion thereof from any computer or machine owned or operated by HARWOOD.

42. HARWOOD lacks information to admit or deny plaintiff's allegations about the infringer's activities.

43. HARWOOD lacks information to admit or deny plaintiff's allegations about the actions of the infringer's BitTorrent client.

44. HARWOOD lacks information to admit or deny whether the alleged infringer's conduct was in violation of his or her ISP's terms of service.

45. HARWOOD lacks information to admit or deny the alleged infringer's mental state.

46. HARWOOD lacks information to admit or deny whether the alleged infringer received any compensation or other personal benefit through his or her activities.

47. HARWOOD denies being aware of any infringing activity occurring through IP address 67.168.196.52.

### Answer to First Claim

48. HARWOOD denies both copying and distributing plaintiff's motion picture by any means, including without limitation a public BitTorrent network.

49. HARWOOD denies infringing any of plaintiff's exclusive rights under the Copyright Act.

50. HARWOOD denies any willful or intentional conduct in disregard of or indifference to plaintiff's rights.

51. HARWOOD denies that plaintiff possesses any exclusive rights under 17 U.S.C. § 106, and further denies committing any violation of such rights.

52. HARWOOD denies liability to plaintiff for damages, fees or costs under 17 U.S.C. §§ 54 and 505.

53. HARWOOD denies engaging in any conduct that harms plaintiff or infringes any of its rights.

54. HARWOOD denies that plaintiff is entitled to injunctive relief against him for any reason.

## Answer to Second Claim

55.	HARWOOD repeats his admissions and denials of paragraphs 1–54.

56.	HARWOOD admits obtaining Internet access through an ISP.  He denies all other allegations of paragraph 56.

57.	HARWOOD denies paragraph 57.

58.	HARWOOD denies committing any piracy such as might place him in violation of his license with his ISP.

59.	HARWOOD denies all liability to VOLTAGE PICTURES for copyright infringement.

60.	HARWOOD denies conduct in derogation of plaintiff's rights.

61.	HARWOOD denies that plaintiff possesses any exclusive rights, and denies infringing any such purported rights.

62.	HARWOOD denies liability to plaintiff for damages under 17 U.S.C. §§ 504 and 505.

63.	HARWOOD denies any conduct causing any injury to plaintiff.

64.	HARWOOD denies that plaintiff is entitled to any injunctive relief against him, for any reason whatsoever.

65.	HARWOOD admits that the statutory penalty for willful copyright infringement is limited to no more than $150,000 (17 U.S.C. 504(c)(2)).  He denies committing any infringement at all.

66.	HARWOOD denies liability for any damage suffered by plaintiff.

67.	HARWOOD acknowledges receiving notice of plaintiff's intent to claim other items of damage.  He denies liability to plaintiff for any amount.

68.     HARWOOD acknowledges plaintiff's notice that it may have enforceable rights in other titles that are not at issue in the present lawsuit.

69.     HARWOOD is uncertain of the relevance of plaintiff's spurious allegations in paragraph 69, but denies any liability to VOLTAGE PICTURES under any legal basis or theory whatsoever.

70.     HARWOOD reserves his right to oppose any modification of plaintiff's allegations or claims.

### Defendant's Allegations

71.     As stated frequently in the foregoing, Defendant Hunter HARWOOD denies committing any of the actions plaintiff alleges to constitute copyright infringement.

72.     Upon information and belief, plaintiff's sole claim of entitlement to rights in the motion picture *Maximum Conviction* rests in the purported copyright assignment document attached hereto as Exhibit A.

73.     The purported assignment is undated.

74.     The purported assignment bears what appears to be a pasted graphic image of an unidentified "Authorized Signatory."

75.     The purported assignment transfers "all rights and interest … <u>only to the extent necessary to make claims by itself against illegal downloads, uploads and/or streaming the work</u> […]"

76.     None of the rights enumerated in the Copyright Act are transferred by the purported assignment.

77.     The right "to make claims […] against illegal downloads [&c.]" is not one of the rights enumerated in the Copyright Act.

78.     Under Ninth Circuit precedent, VOLTAGE PICTURES LLC lacks standing to pursue claims of infringement against any person.

79.     Since VOLTAGE PICTURES lacks standing, it cannot prevail against Defendant HARWOOD.

### Affirmative Defenses

80.     Plaintiff VOLTAGE PICTURES LLC does not possess any exclusive right in respect of the motion picture *Maximum Conviction*. Consequently, its suit is without merit.

81.     Plaintiff VOLTAGE PICTURES LLC and/or its authorized agents participated in BitTorrent swarms, and so any download committed by defendant (or by anyone for whom defendant was responsible) was from a source authorized to permit such download. Consequently, any exercise by defendant of an exclusive right protected by the Copyright Act was with the consent of an authorized party and not in derogation of any exclusive right.

82.     Any downloading or uploading of the copyrighted work was permitted by the doctrine of fair use.

83.     Any downloading or uploading of the copyrighted work was no more than a *de minimis* act.

84.     Any downloading or uploading of less than all of the copyrighted work results in a non-functional copy (*i.e.*, a partial copy that cannot under any

circumstances be used to infringe any of plaintiff's purported exclusive rights.) Therefore, no infringement of plaintiff's rights has occurred or can occur.

85. Any partial copy of the copyrighted work is overwhelmingly likely to lack a proper copyright notice. In the absence of such notice, plaintiff's asserted enhanced damages are not available.

86. The infringement of plaintiff's purported rights that allegedly occurred through the concerted, common and conspiratorial action of individuals participating in a BitTorrent swarm constituted a single instance of infringement for which the participating individuals are jointly and severally liable, and for which plaintiff can only recover a single statutory damage award. Upon information and belief, plaintiff has been made whole by one or more settling individuals. Any further recovery would be in excess of statutory limits and of actual damages.

### Counterclaim 1: Declaratory Judgment of Non-Infringement

87. HARWOOD repeats and reallege each and every one of paragraphs 1 through 86.

88. There is an actual controversy now existing between plaintiff and HARWOOD. Plaintiff has filed a suit alleging copyright infringement and has represented to the Court that a resident of Defendant's household has been served.

89. This Court has original and exclusive jurisdiction of copyright infringement matters pursuant to 28 U.S.C. § 1338.

90. Mere dismissal from this lawsuit (with or without prejudice) is inadequate to vindicate Defendants' rights. HARWOOD is entitled to a declaration of non-

infringement, as well as his costs and attorney fees as prevailing party in a copyright case, pursuant to 17 U.S.C. § 505.

### Counterclaim 2: Malicious Prosecution of a Civil Action

91. HARWOOD repeats and realleges each and every one of paragraphs 1 through 90.

92. VOLTAGE PICTURES LLC has commenced a judicial proceeding against HARWOOD (the action at bar).

93. HARWOOD expects a resolution of this proceeding in his favor, including a declaratory judgment of non-infringement in his favor.

94. VOLTAGE PICTURES LLC did not possess the exclusive right it purported to have.  Therefore, it had no probable cause to initiate or prosecute this action.

95. VOLTAGE PICTURES LLC's had neither intent nor ability to secure favorable adjudication of its claim of copyright infringement.

96. HARWOOD has been damaged by VOLTAGE PICTURES LLC's wrongful institution and prosecution of this civil action, in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Defendant Hunter HARWOOD prays for relief as follows:

1. A declaratory judgment that he did not infringe any exclusive right of plaintiff by any act or omission in connection with his residential Internet connection or otherwise;

2. Damages that he suffered due to VOLTAGE PICTURES LLC's malicious

prosecution of a baseless civil action, in an amount to be prosecuted at trial;

    3.     Attorney fees pursuant to, *inter alia*, 17 U.S.C. § 505 and 18 U.S.C. § 1964(c), or otherwise as allowed by law;

    4.     For Defendants' costs and disbursements; and

    5.     For such other and further relief as the Court may deem just and proper.

20 September 2013

| Date | David H. Madden, SBN OR080396 |
|---|---|
| | Attorney for Defendant Hunter HARWOOD |
| | Mersenne Law LLC |
| | 1500 S.W. First Avenue |
| | Suite 1170 |
| | Portland, Oregon 97201 |
| | dhm@mersenne.com |
| | (503)679-1671 |

# Exhibit A

**Purported Assignment of Rights
from Maxcon Productions to Voltage Pictures LLC**

## ASSIGNMENT OF COPYRIGHT INTEREST

Author:     Maxcon Productions Inc.
100 Universal City Plz 5183,
Universal City, CA, 91608 United States

Assignee:    Voltage Pictures, LLC
662 N. Crescent Heights Blvd.
Los Angeles, CA 90048

Work:       MAXIMUM CONVICTION
Type:       Motion Picture
Reg. No.   PAu 3-647-070

For good and valuable consideration, Maxcon Productions Inc. (Author), assigns to Voltage Pictures, LLC (Assignee), all rights and interest in the Work MAXIMUM CONVICTION, Reg. No. PAu 3-647-070, only to the extent necessary to make claims by itself against illegal downloads, uploads and / or streaming the work via the internet or wireless worldwide and to undertake such actions as it believes necessary or appropriate to protect against piracy of any of the rights in the Work including registering the Work or recording any documents with governmental authorities, sending or having cease and desist letters and notices of infringement sent, and bringing, prosecuting, defending and appearing in all suits, actions and proceedings concerning any piracy, infringement or misappropriation of any of the licensed rights in the Work.

Maxcon Productions Inc.

_____
Its Authorized Signatory