IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VOLTAGE PICTURES, LLC, and No. 3:13-cv-00839-AA
MAXCON PRODUCTIONS, INC.,

 Plaintiffs, OPINION AND ORDER

 v.

HUNTER HARWOOD,

 Defendant.
_____

Carl D. Crowell
Crowell Law
P.O. Box 923
Salem, OR 97308
 Attorney for Plaintiff

David H. Madden
Mersenne Law LLP
9600 S.W. Oak Street, Suite 500
Tigard, Oregon 97223
 Attorney for Defendant

AIKEN, Chief Judge:

 On January 9, 2014, defendant Hunter Harwood moved for partial summary judgment (doc. 36) and plaintiffs, Voltage Pictures LLC (Voltage) and Maxcon Productions Inc. (Maxcon)

1 - OPINION AND ORDER

moved to dismiss for failure to state a claim (doc. 37). On January 16, 2014, plaintiffs also moved to strike defendant's First Motion for Partial Summary Judgment (doc. 41). For the reasons set forth below, defendant's motion (doc. 36) is denied, plaintiffs' motion (doc. 37) is granted in part and denied in part, and plaintiffs' motion (doc. 41) is denied.

## BACKGROUND

Plaintiff Voltage Pictures is a movie distribution company and plaintiff Maxcon is a California corporation that owns, or at one time owned, the copyright to Maximum Conviction, the movie that is the subject of this case. Defendant Hunter Harwood became involved in the suit when plaintiffs filed the First Amended Complaint (doc. 14) on August 20, 2013, naming him as the defendant. On December 06, 2013, plaintiffs filed the Second Amended Complaint (doc. 30), which is the operative complaint.

In the Second Amended Complaint, plaintiffs allege that defendant copied and published the motion picture, Maximum Conviction, via a BitTorrent client. Accordingly, plaintiffs allege defendant willfully infringed plaintiffs' exclusive rights under the Copyright Act. Defendant denies doing this and alleges that plaintiffs cannot prevail because they do not own the exclusive rights they claim to have. Defendant argues that

2 - OPINION AND ORDER

there are no disputed issues of material fact and that he is, therefore, entitled to summary judgment.

Defendant also made two counterclaims. First, defendant alleges that plaintiffs engaged in a variety of unethical or illegal practices in connection with this and previous lawsuits, particularly, that plaintiffs' subpoena issuance was improper. Consequently, defendant argues he is entitled to relief and compensation under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and this court's equitable power. Second, defendant alleges a counterclaim for declaratory judgment of non-infringement.

Plaintiffs moved to dismiss for failure to state a claim and moved to strike portions of defendant's counterclaims on the grounds that the allegations lack sufficient particularity, were made prematurely, are immaterial and impertinent, fail comply with the mandatory requirements of Fed. R. Civ. P. 11, and were made only to harass and burden plaintiffs.

## STANDARD OF REVIEW

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether or not a fact is material is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

3 - OPINION AND ORDER

There is a genuine dispute if the evidence is such that a reasonable jury would return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material facts should be resolved against the moving party; and (2) all inferences must be drawn in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

## DISCUSSION

The only matters that are still at issue are whether either plaintiff has standing and capacity to sue and plaintiffs' motions to dismiss and to strike (docs. 37 and 41).[1]

### A. Defendant's Motion for Summary Judgment on the Issue of Standing and Capacity to Sue.

Plaintiffs seek to strike defendant's motion for summary judgment because it seeks relief under Fed. R. Civ. P. 56 and Fed. R. Civ. P. 11. As noted, defendant has withdrawn his

---

[1] Defendant withdrew his motion for summary judgment with regard to his claims for relief under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

4 - OPINION AND ORDER

request for summary judgment under Fed. R. Civ. P. 11 and accordingly, plaintiffs' motion to strike is denied.

Defendant argues that plaintiffs Maxcon and Voltage lack standing to bring suit in this case because neither plaintiff owns exclusive rights in Maximum Conviction. Capacity to sue or be sued in federal court is determined by the law under which the corporation was organized. Fed. R. Civ. P. 17(b)(2).

Defendant asserts that the entity that originally owned exclusive rights to Maximum Conviction, Maxcon, was a California corporation and as such, California laws apply. Defendant argues that Maxcon was formed on October 11, 2011, as entity 3416008 (Maxcon I) and dissolved when it filed a Certificate of Election to Wind Up and Dissolve and a Certificate of Dissolution on December 6, 2012. Memorandum of Points and Auths. in Support of Defendant's Rule 56 Motion (doc. 36-1), at 10. Defendant argues that under California law, once a dissolved corporation files a Certificate of Dissolution, its winding up is complete and it ceases to be a proper party. Mongols National Motorcycle Club, Inc. V. City of Lancaster, 145 Cal.Rptr. 3d 122 (Cal. Ct. App. 2010). Thus, defendant argues that as a dissolved corporation with no possibility for restatement, Maxcon I lacks standing to bring suit.

5 - OPINION AND ORDER

Next, defendant argues that the Maxcon Productions, Inc. that exists today as entity 3543585 (Maxcon II), which was formed through new articles of incorporation filed on March 13, 2013, bears no legal relation to Maxcon I for the purposes of ownership rights in Maximum Conviction and, thus, also lacks standing.

Finally, defendant argues that because Maxcon I failed to transfer exclusive rights in Maximum Conviction to Voltage prior to dissolution and winding up, Voltage also lacks standing.

Only the owner of an exclusive right under the copyright is entitled to sue for infringement. <u>Silvers v. Sony Pictures Entertainment, Inc.</u>, 402 F.3d 881, 889 (9th Cir. 2005). The owner of the bare right to sue, without any ability to reproduce Maximum Conviction, distribute it, or exploit any other exclusive right under the Copyright Act, would leave such an entity without standing under the Act. <u>See</u> <u>Righthaven LLC v. Hoehn</u>, 716 F.3d 1166, 1170 (9th Cir. 2013). In this case, defendant shows that Maxcon assigned to Voltage

> all rights and interest in the work Maximum Conviction ... **only to the extent necessary** to make claims by itself against illegal downloads, uploads and/or claims by itself against illegal downloads, uploads and/or streaming the work via the internet or wireless worldwide and to undertake such actions as it believes necessary or appropriate to protect against piracy of any rights in the work ...

6 - OPINION AND ORDER

Assignment of Copyright Interest, attached to Defendant's First Motion for Partial Summary Judgment (doc. 36-1) as Ex. A (emphasis added). To use the language "only to the extent necessary" creates an ambiguity in the assignment such that it is unclear if all rights to exploit the work have been transferred or only the right to sue for illegal distribution. Thus, the court cannot resolve such ambiguity, i.e., the parties' intent, on the record before it.

Nonetheless, the presence of Maxcon in this litigation effectively moots the issue. Under the California Corporate Code:

> A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.

Cal. Corp. Code § 2010(a). Further, "Any assets inadvertently or otherwise omitted from the winding up continue in the dissolved corporation for the benefit of the persons entitled thereto upon dissolution of the corporation and on realization shall be distributed accordingly." Cal. Corp. Code § 2010(c). Accordingly, Defendant's First Motion for Partial Summary Judgment (doc. 36) on the issue of standing and capacity to sue is denied.

7 - OPINION AND ORDER

B.  Plaintiffs' Motion to Strike Defendant's Fed. R. Civ. P. 11 Counterclaim.

Plaintiffs argue that defendant's counterclaim for relief under Fed. R. Civ. P. 11 is grossly improper and was done for no purpose other than to harass, burden, and deter plaintiffs from pursuing legitimate claims. Consequently, plaintiffs move to strike the portions of defendant's counterclaim that seek relief under Fed. R. Civ. P. 11. Plaintiffs also seek an award of reasonable attorney fees pursuant to Or. Rev. Stat. §§ 31.150 and 31.152, Oregon's anti-SLAPP (strategic lawsuits against public participation) laws, which allow movants to quickly strike meritless causes of action arising from speech or petition at the outset of litigation.

Defendant challenges the applicability of Or. Rev. Stat. §§ 31.150 and 31.152 on two fronts. First, defendant asserts that Or. Rev. Stat. §§ 31.150 and 31.152 collide with Fed. R. Civ. P. 56(c) and are, therefore, inapplicable. Next, defendant argues that Or. Rev. Stat. § 31.150(1) only authorizes a **defendant** to make a special motion to strike a **plaintiff's** claim (emphasis added). Thus, defendant argues that the applicability of the anti-SLAPP statutes to plaintiffs, who are moving to strike a defendant's counterclaim, is inappropriate.

Substantive provisions of state anti-SLAPP motions have been allowed in Ninth Circuit federal courts since 1999 because

8 - OPINION AND ORDER

"important substantive state interests [are] furthered by anti-SLAPP statutes," United States Ex. Rel Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999), and the Erie doctrine requires that anti-SLAPP statutes be available in federal court to discourage forum-shopping. Id. at 972-73. Further, state anti-SLAPP provisions and the Federal Rules, specifically, Fed. R. Civ. P. 8, 12, and 56, can coexist with "each controlling its own intended sphere of coverage without conflict," Id. at 972 (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980)), and with "no direct collision." Id. Thus, defendant's first argument that Or. Rev. Stat. §§ 31.150 and 31.152 collide with Fed. R. Civ. P. 56(c) fails. Also, there is no restriction on the use of anti-SLAPP statutes to counterclaims. Makaeff v. Trump University, LLC, 715 F.3d 254 (9th Cir. 2013).

Oregon's Anti-SLAPP statutes follow a two part process. First, to receive anti-SLAPP protection, the movant has the initial burden of demonstrating a prima facie case that the challenged claims arise out of the categories identified in ORS 31.150(2), which encompasses acts in furtherance of the right to petition or of free speech in connection with a public issue or an issue of public interest. Or. Rev. Stat. § 31.150(3). Second, if the movant meets its burden in the first step, the burden then shifts to the non-moving party, who must establish

9 - OPINION AND ORDER

that there is a probability of prevailing on the claim by presenting substantial evidence to support a prima facie case. Or. Rev. Stat. § 31.150(3). If the non-moving party meets this burden, the court shall deny the motion. Or. Rev. Stat. § 31.150(3). If plaintiffs prevail on a special motion to strike made under Or. Rev. Stat. § 31.150, they are awarded reasonable attorney fees and costs.[2] Or. Rev. Stat. § 31.152(3).

Although possibly applicable to alleged discovery violations in the first counterclaim, the Anti-SLAPP laws are not applicable to challenge allegations of standing in the counterclaim. See Kajima Engineering and Const., Inc. v. City of Los Angeles, 95 Cal. App. 4th 921, 929-32 (Cal. Ct. App. 2002) (in interpreting California's anti-SLAPP statute similarly to Oregon, the California courts require a cross-complaint to allege acts in furtherance of plaintiff's right of petition or free speech in connection with a public issue to be actionable under anti-SLAPP provision).[3]

Nonetheless, defendant has fulfilled his burden of a prima facie case because he produced evidence that the court quashed the subpoena and the defendant has presented sufficient evidence

---

[2] The attorney fees provision applies in federal court. Northon v. Rule, 637 F.3d 937 (9th Cir. 2011).
[3] Plaintiffs' filing of the underlying complaint is the sort of right protected by anti-SLAPP statutes and the discovery conduct allegedly in violation of Rule 11 in the parent case could be construed as arising from plaintiffs' use of the litigation process itself.

10 - OPINION AND ORDER

regarding Voltage's standing to sue and Maxcon's capacity to sue, even though the court has resolved the latter issue in favor of Maxcon.[4]  Consequently, plaintiffs' motion to strike defendant's Fed. R. Civ. P. 11 counterclaim is denied.[5]

C.  Plaintiffs' Motion to Strike Allegations of Fraud.

Plaintiffs move to strike all allegations of fraud, pursuant to Fed. R. Civ. P. 9(b), for failing to allege elements with sufficient particularity.  To the extent the claim needs to be pleaded with particularity, the defendant's counterclaim stated with particularity the circumstances that surrounded the allegations of discovery violations and allegations of lack of standing or capacity to sue.  See, e.g. Defendant's First Amended Answer to the Second Amended Complaint (doc. 33), at ¶¶ 137-166 and Exhibits A-F.  Thus, plaintiffs' motion to strike allegations of fraud, to the extent such allegations exist, is denied.

D.  Plaintiffs' Motion to Dismiss all Counterclaims.

Pursuant to Fed. R. Civ. P. 12(b)(6), plaintiffs move to dismiss both counterclaims plead by defendant because,

---

[4] However, the court does not decide at this stage whether the alleged discovery violation occurred because defendant withdrew his motion for summary judgment on the Fed. R. Civ. P. 11 claims.

[5] To the extent defendant alleges a claim for relief under 28 U.S.C. § 1927 for actions preceding the filing of the parent complaint, such action is not viable.

11 - OPINION AND ORDER

plaintiffs allege, the allegations of the counterclaims fail to state plausible claims.

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint contain sufficient factual matter to state a claim that is plausible on its face. <u>Bell Atl. Corp. V. Twombly</u>, 550 U.S. 554, 570 (2007). When reviewing a motion to dismiss, a court considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).

First, plaintiff moves to dismiss defendant's counterclaim for relief under Fed. R. Civ. P. 11, 28 U.S.C. §1927, and the inherent authority of this court. However, the allegations if true, plausibly demonstrate that Voltage lacks capacity to sue[6] and that plaintiff Voltage engaged in misconduct with regard to the subpoena in the parent case.[7]

Second, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiffs move to dismiss defendant's counterclaim for declaratory judgment because, plaintiffs argue, defendant's counterclaim for non-infringement is a the mirror image of plaintiffs' claim for infringement and as such, seeks no new relief.

---

[6] However, as the court already noted, Maxcon has capacity to sue.
[7] The court does not decide the issue. At this point in the proceedings, defendant merely plausibly pleaded such issue.

12 - OPINION AND ORDER

Defendant made a counterclaim for declaratory judgment of non-infringement and award of his costs and attorney fees as a prevailing party in a copyright cases pursuant to 17 U.S.C. §505. Defendant argues that mere dismissal from the lawsuit with or without prejudice is inadequate to vindicate defendant's rights. Defendant's First Amended Answer to Second Amended Complaint, at 26. Further, "the declaration that defendant seeks is not just that plaintiffs did not make their case, but that plaintiffs cannot make their case.[8] Id. at 10. However, as the court has determined that at least one of the plaintiffs may enforce the copyright, plaintiffs' motion to dismiss defendant's counterclaim for declaratory judgment is granted. In addition, for the reasons already stated, plaintiffs' motion to dismiss defendant's counterclaim for relief under Fed. R. Civ. P. 11, 28 U.S.C. §1927, and the inherent authority of this court is denied.

E.   Plaintiffs' Motion to Strike Statements and Defenses in Defendant's Answer.

Pursuant to Fed. R. Civ. P. 12(f), plaintiffs move to strike improper statements and affirmative defenses in defendant's Answer for being immaterial and impertinent. The Federal Rules of Civil Procedure permit the court to "strike

---

[8] The issue of whether plaintiff has the right to enforce the copyright is distinct from the issue of whether defendant infringed the copyright.

13 - OPINION AND ORDER

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

First, plaintiffs assert that references to being a troll or committing acts of trolling are prejudicial, immaterial, impertinent, and scandalous and are, thus, properly struck pursuant to Fed. R. Civ. P. 12(f). Plaintiffs also assert that any reference to Maxcon being currently dissolved or lacking capacity to be a party is false, misleading, immaterial and impertinent and as such, properly struck pursuant to Fed. R. Civ. P. 12(f). However, defendant's allegations of Maxcon being currently dissolved or lacking capacity to be a party are not immaterial and are, therefore, not properly struck pursuant to Fed. R. Civ. P. 12(f). Furthermore, the court declines to strike allegations of trolling.[9] Thus, plaintiffs' motion to strike improper statements in defendant's Answer is denied.

Second, plaintiffs move to strike affirmative defenses in defendant's Answer (doc. 33). Plaintiffs argue that a court "may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). However, as defendant correctly points out, "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires,

---

[9] The issue is more appropriately addressed closer to trial in a motion in limine.

14 - OPINION AND ORDER

treat the pleadings as though it were correctly designated." Fed. R. Civ. P. 8(c)(2). Thus, plaintiffs' motion to strike affirmative defenses in defendant's Answer is denied.

## CONCLUSION

For the foregoing reasons, defendant's First Motion for Partial Summary Judgment (doc. 36) is denied, plaintiffs' Motion to Dismiss for Failure to State a Claim (doc. 37) is denied in part and granted in part, and plaintiffs' Motion to Strike Defendant's First Motion for Partial Summary Judgment (doc. 41) is denied.

IT IS SO ORDERED.

Dated this 8th day of May 2014.

_____
Ann Aiken
United States District Judge

15 - OPINION AND ORDER