Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| **VOLTAGE PICTURES, LLC, et al.** | Case No.:  13-cv-00839-AA |
|---|---|
| Plaintiff, | PLAINTIFF'S MOTIONS IN LIMINE |
| v. | |
| **HUNTER HARWOOD,** | |
| Defendant. | |

LR 7-1 Conferral

The parties have conferred on these issues by telephone and have reached limited, though indefinite agreement on one issue, and have failed to agree on other issues, as noted below.

**MOTIONS**

Plaintiff Voltage Pictures, LLC, moves for the following orders at the start of the trial:

**1.  Plaintiff and defendant's cases should be bifurcated and tried separately.**

Defendant's counterclaims for relief under 28 U.S.C. § 1927, FRCP R. 11, and / or the Court's inherent authority should be tried to the court separately for efficiency and to avoid the

highly prejudicial nature of defendant's allegations which are not relevant to plaintiff's claims. None of the relief sought is properly determined by a jury.

Defendant's counsel indicates a "stipulation likely possible" on this issue and appears to agree in conferral. This issue is presented herein to preserve the matter should the parties be unable to agree with finality.

**2. Defendant should not be permitted to call plaintiff's counsel as a witness.**

For the first time, on June 18, 2014, defendant listed as a witness plaintiff's counsel Carl D. Crowell with the intent of eliciting testimony against plaintiff "…information tending to provide that Plaintiff's are serial bad-faith litigants." Defendant's proposed Pre-Trial Order, draft. While defendant denies the allegation, there is no doubt such testimony "may be prejudicial to the lawyer's client." Oregon RPC 3.7(c). If allowed to proceed with plaintiff's counsel as a witness *for* defendant and *against* plaintiff such would force plaintiff's counsel to withdrawal under the Oregon Rules of Professional Conduct and operate as a motion to disqualify to the prejudice of plaintiff. Such tactical disqualification of counsel is subject to strict scrutiny and highly disfavored. See *Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir., 1985).

There is no indication that the relevant testimony could not be elicited from an alternate source and as such, any attempts to call plaintiff's counsel or otherwise effect a disqualification of counsel should be denied.

///

///

**3. Further arguing ownership of the subject film should be precluded.**

In this matter there was an initial claim that plaintiff Voltage Picture's assignment of interest was insufficient and that the proper party with standing was Maxcon Productions, Inc., who is named on the Copyright Certificate. Maxcon Productions, Inc. joined as a party in the Second Amended Complaint, as allowed by order over objections. Dkt. 30. As this court has stated, "…the presence of Maxcon in this litigation effectively moots the issue." Order, Dkt. 48, p. 7. The only basis for presenting arguments related to "Maxcon I" or "Maxcon II" or ownership at this point would be to confuse the jury and be without probative value or relevance. Defendant should be ordered that no new matters related to ownership be presented and to the jury.

**4. Defendant should not be permitted to argue facts and issues related to non-party litigation.**

There are a large number of enforcement actions by numerous parties, including producers of adult and other content. Such are potentially prejudicial and not relevant to any matters that might be presented to a jury. Defendant should be ordered that no testimony related to non-party litigation or enforcement actions should be brought before the jury.

DATED: June 24, 2014.

        Respectfully submitted,

        CROWELL LAW

        /s/ Carl D. Crowell
        Carl D. Crowell, OSB No. 982049
        carl@crowell-law.com
        Of attorneys for plaintiff