David H. Madden
Mersenne Law LLP
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
(503)679-1671
dhm@mersenne.com
Attorney for Defendant Hunter HARWOOD

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** a California limited-liability company; and **MAXCON PRODUCTIONS, INC.**, a <u>dissolved</u> California corporation,       Plaintiffs,  v.  **Hunter HARWOOD**,       Defendant | Civil Action No.: ............ 3:13-CV-00839-AA  **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*** |

**DEFENDANT HUNTER HARWOOD** submits the following opposition and response to

Plaintiffs' Motion *in Limine*. For the reasons explained below, and except for Plaintiffs'

first request, the Court should **DENY** Plaintiffs' motion.

**1. Bifurcation of Causes of Action**

Plaintiffs request that they be allowed to try their claims of copyright infringement to the jury, and that Defendant's counterclaims be tried to the Court. This arrangement is acceptable to Defendant, and so this portion of Plaintiffs' Motion is unopposed.

**2. Plaintiffs' Counsel Should be Available as a Witness**

Defendant's counterclaims involve litigation misconduct by Plaintiffs and their attorney of record in this case and its predecessors. Defendant does not seek to disqualify Plaintiffs' counsel, but merely to obtain answers under oath to questions calling for unprivileged information, including for example:

   a. Number of suits filed by VOLTAGE and MAXCON (nationally and in Oregon)

   b. Number of DOEs sued

   c. Number of DOEs served

   d. Number, value and terms of settlements with co-DOE defendants

   e. Distribution of settlement funds among Plaintiffs, counsel, investigator and experts

   f. Authenticity and content of business-model document believed to outline improper relationship between Plaintiffs, counsel and investigator

   g. Circumstances surrounding VOLTAGE's unauthorized subpoena issuance in predecessor case 3:13-cv-00295-AA

   h. Pre-suit knowledge of copyright title defects

   i. Pre-suit investigation of alleged downloading

   j. Pre-suit knowledge of discrepancy between downloading evidence and allegations regarding such evidence

   k. Nature and content of communications between counsel and DOEs identified through early-discovery subpoenas

Plaintiffs' counsel is well-positioned to know and testify about these matters, and

furthermore is the party directly obligated under Fed. R. Civ. P. Rule 11(b) and personally liable under 28 U.S.C. § 1927.  Counsel's testimony is thus extremely likely to be helpful to the Court in evaluating and deciding Defendant's bifurcated claims, and since those claims will be tried to the Court, such testimony will not confuse or mislead the jury.

The Court should **PERMIT** Defendant to obtain Plaintiffs' counsel's sworn testimony.

### 3.   Defendant Must Not Be Foreclosed from Refuting an Essential Element of Plaintiffs' Proof

Plaintiffs allege that Defendant infringed a copyright that they purport to hold. Defendant has alleged that Plaintiffs do not own the copyright – that they lack standing to assert it.  Plaintiffs' motion *in limine* #3 is an attempt to convert the Court's denial of Defendant's Motion for Summary Judgment into a final determination on the merits of an essential element of Plaintiffs' claim.  A motion *in limine* is an inappropriate vehicle to obtain Rule 56-type relief.

In its 8-May-2014 Order, this Court did not hold that Plaintiffs together had standing to enforce the copyright (or, equivalently, that the two together possessed the rights that they claim to have).  Rather, it held that it was unnecessary to resolve the question of "the parties' intent" in using the ambiguous language of the purported assignment, because both parties are present in the lawsuit.

However, Plaintiffs must still establish that at least one of them owned the relevant exclusive right under § 106 at the time of the alleged infringement, or that they had received an explicit written assignment of the right to sue for past infringement from the true rightsholder of the right at the time of infringement.  Defendant is entitled to challenge any or all portions of such proof.

For example, suppose MAXCON-I claims to have owned an appropriate §106 right as the original author who had not alienated such right prior to the time of the alleged infringement.  Defendant would be entitled dispute this claim by presenting evidence that the claimed right had been previously transferred to a third party via written assignment executed before both the alleged infringement and before the purported assignment from MAXCON-I to VOLTAGE.  Such evidence would have both substantive relevance (showing, among other things, that a necessary party was absent from the action and that MAXCON-I could not have intended to transfer the right to VOLTAGE, since it no longer possessed such right) as well as rebuttal relevance (showing that MAXCON-I's claim of authorial ownership was false).

Even assuming (solely for the sake of argument) that the MAXCON-I–to–VOLTAGE assignment would have been effective despite the clear holding of *Righthaven*, Defendant can defeat Plaintiffs' case by showing that *neither* MAXCON-I nor VOLTAGE owned the relevant right on the date that the infringement allegedly occurred and that the right to sue for alleged infringement has not been transferred to Plaintiffs.  Furthermore, the Court must make a final judgment on the *entire* chain of title.  If the assignment is defective, then VOLTAGE's allegations in all of the actions where it alone pursued DOEs are suspect.  If VOLTAGE filed such an action without MAXCON-I after it knew or should have known that the assignment was invalid, then it and its counsel's actions in so doing provide additional support to Defendant's allegations that will be tried to the Court.

For at least the foregoing reasons, Defendant should not be forbidden to present evidence or argument concerning Plaintiffs' lack of copyright ownership.  The Court

should **DENY** Plaintiffs' motion *in limine* #3.

### 4. Defendant Should Not Be Foreclosed from Presenting Admissible Evidence and Arguing in Favor of His Counterclaims

Finally, Plaintiffs seek to prevent Defendant from presenting "facts and issues related to non-party litigation."

Plaintiffs imply that Defendant will present evidence of wrongdoing by other litigants, and particularly producers of adult content, in an attempt to smear Plaintiffs.

However, Defendant's allegations of misconduct concern Plaintiffs either directly or by their agents/associates. Evidence of VOLTAGE and MAXCON-I's misconduct in the present action, in all of the multi-DOE suits in this district, and in all of the multi-DOE suits in other districts for infringement of the same copyright at issue here, is clearly relevant and admissible on the question whether VOLTAGE and/or MAXCON-I have engaged in the abusive litigation tactics proscribed by Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

The Court should **DENY** Plaintiffs' motion *in limine* #4 to the extent that it would prevent introduction of evidence of <u>Plaintiffs' activities</u> in connection with the very same copyright issues in this case.

///

///

///

///

///

///

///

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court **GRANT** Plaintiffs' Motion *in Limine* #1, and **DENY** numbers 2–4.

Respectfully submitted,

| | |
|---|---|
| 3 July 2014 | |
| Date | David H. Madden, SBN OR080396 |
| | Attorney for Defendant Hunter HARWOOD |
| | Mersenne Law LLP |
| | 9600 S.W. Oak Street |
| | Suite 500 |
| | Tigard, Oregon  97223 |
| | dhm@mersenne.com |
| | (503)679-1671 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE***

was served upon the parties listed below on the date indicated,

- ☐   by handing it to the person;
- ☐   by leaving it at the leaving it at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
- ☐   by mailing it to the address indicated;
- ☐   by leaving it with the court clerk;
- ☒   by electronic filing notification (PACER); or
- ☐   other:  by electronic mail to crowell@kite.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiffs VOLTAGE PICTURES and MAXCON PRODUCTIONS

_____      _____
       Date                                David H. Madden